Stephen L. Oppenheim, Esq. Informal Opinion County Attorney No. 95-15 County of Sullivan P. O. Box 5012 Monticello, N Y 12701
Dear Mr. Oppenheim:
You have asked whether the county is responsible for enforcing the New York State Uniform Fire Prevention and Building Code with respect to property of the county industrial development agency (hereafter "IDA"). Code enforcement is governed by Executive Law § 381, which provides in part:
 2. Except as may be provided in regulations of the secretary pursuant to subdivision one of this section, every local government shall administer and enforce the uniform fire prevention and building code on and after the first day of January, nineteen hundred eighty-four, provided, however, that a local government may enact a local law prior to the first day of July in any year providing that it will not enforce the uniform code on and after the first day of January next succeeding. In such event the county in which said local government is situated shall administer and enforce the uniform code within such local government from and after the first day of January next succeeding the effective date of such local law, in accordance with the provisions of paragraph b of subdivision five of this section unless the county shall have enacted a local law providing that it will not enforce the uniform code within that county. In such event the secretary in the place and stead of the local government shall, directly or by contract, administer and enforce the uniform code. A local government or a county may repeal a local law which provides that it will not enforce the uniform code and shall thereafter administer and enforce the uniform code as provided above. Local governments may provide for joint administration and enforcement by agreement pursuant to article five-G of the general municipal law. Any local government may enter into agreement with the county in which such local government is situated to administer and enforce the uniform code within such local government. Local governments or counties may charge fees to defray the costs of administration and enforcement.
The Department of State has promulgated regulations concerning local government enforcement of the code. Those regulations provide in pertinent part:
 441.2 Governmental buildings and activities. (a) A city, village, town or county will be accountable for administration and enforcement of the Uniform Code with respect to buildings, premises and equipment in the custody of, or activities related thereto undertaken by, the respective city, village, town or county.
 (b) A city, village, town or county shall be accountable for administration and enforcement of the Uniform Code with respect to buildings, premises and equipment in the custody of, or activities related thereto undertaken by, any special purpose unit of local government created by or for the benefit of the respective city, village, town or county.
 441.3 Local government option. Executive Law, section 381(2), accords a city, town, village or county the option to decline to enforce the Uniform Code. If a city, town or village exercises that option, any power conferred by this Part shall pass in the same manner as any general power under that section. If a county exercises that option, any power conferred by this Part shall pass to the Secretary of State.
Thus, under the governing statute and regulations, the county is accountable for enforcement of the code with respect to county property and to property of the IDA, a special purpose unit of the county government created by or for the benefit of the county. See also, 1989 Op Atty Gen (Inf) 62.
The statute and regulations provide that the county may choose not to enforce the code at all. They do not, however, authorize the county to decline to enforce the code with respect to property of one county entity while retaining responsibility for enforcement with respect to other county properties. Nor is there any express authority for the county to designate a town or village to carry out the enforcement obligation in the absence of an agreement with the town or village. To the contrary, the statute provides that when a county elects not to enforce the code the secretary shall, directly or by contract, administer and enforce the code.
We conclude that the county may not "opt out" of code enforcement with respect to IDA property while retaining responsibility for other property. The county may "opt out" of code enforcement with respect to all county property or may make agreements with local governments allocating enforcement responsibility.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General